Katherine F. Parks, Esq.
Nevada Bar No. 6227
Thorndal Armstrong, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Tel:  (775) 786-2882
kfp@thorndal.com
Attorney for Defendants
PERSHING COUNTY, DONNA ROBINSON,
and DANIEL E. BOYER

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HANNAH HALE HOEKSTRA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PERSHING COUNTY; DONNA ROBINSON, an individual; DANIEL E. BOYER, an individual; and P. ZOLTOVETZ, and individual; collectively,<br><br>Defendants. | Case No.   3:24-cv-00392-MMD-CSD<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

COME NOW Defendants PERSHING COUNTY, DONNA ROBINSON, and DANIEL E. BOYER, by and through their attorneys Thorndal Armstrong, PC, and in answer to Plaintiff's First Amended Complaint, hereby admit, deny and allege as follows:

**FIRST DEFENSE**

**PARTIES, JURISDICTION, AND VENUE**

1.  Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

2.  In answer to Paragraph 2 of Plaintiff's First Amended Complaint, Defendant Pershing County admits that it is a political subdivision of the State of Nevada.

3. In answer to Paragraph 3 of Plaintiff's First Amended Complaint, Defendants admit that Defendant Donna Robinson was, at the time of the incident at issue, a resident of the State of Nevada who was employed by the Pershing County Sheriff's Office. The remaining allegations in Paragraph 3 of Plaintiff's First Amended Complaint call for a legal conclusion, not facts, to which no response is required. To the extent the remaining allegations in Paragraph 3 are deemed to contain factual allegations, these Defendants deny said allegations.

4. In answer to Paragraph 4 of Plaintiff's First Amended Complaint, Defendants admit that Defendant Daniel Boyer was, at the time of the incident at issue, a resident of the State of Nevada who was employed by the Pershing County Sheriff's Office. The remaining allegations in Paragraph 4 of Plaintiff's First Amended Complaint call for a legal conclusion, not facts, to which no response is required. To the extent the remaining allegations in Paragraph 4 are deemed to contain factual allegations, these Defendants deny said allegations.

5. In answer to Paragraph 5 of Plaintiff's First Amended Complaint, the allegations contained therein do not apply to these Defendants. In the event the allegations in Paragraph 5 were deemed to apply to these answering Defendants, Defendants deny same.

6. Defendants deny the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9. Defendants admit that the court may exercise supplemental jurisdiction of state law claims pled in Plaintiff's First Amended Complaint and deny any remaining allegations contained in Paragraph 9.

10. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

**GENERAL FACTUAL ALLEGATIONS**

11. In answer to Paragraph 11 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 10 as though fully set forth herein at length.

12. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

13. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

14. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

15. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

16. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

17. Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

18. In answer to Paragraph 18 of Plaintiff's First Amended Complaint, Defendants admit that Donna Robinson was dressed in plain clothing, that Donna Robinson identified herself, and that Donna Robinson asked if she could come into the tent and deny the remaining allegations in Paragraph 18.

19. In answer to Paragraph 19 of Plaintiff's First Amended Complaint, Defendants deny that Defendant Donna Robinson did not provide her full name to the alleged victim involved in the incident at issue.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendants deny the allegations in in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24. In answer to Paragraph 24 of Plaintiff's First Amended Complaint, Defendants admit that Defendant Robinson advised the victim that she needed to advise her on body worn camera video that she did not wish to make a report of the alleged incident and deny the remaining allegations in Paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint.

27. In answer to Paragraph 27 of Plaintiff's First Amended Complaint, Defendants admit that Defendant Boyer handcuffed Plaintiff with her hands behind her back and informed Plaintiff that he would drop her to the ground and tase her if she did not quit resisting him and deny the remaining allegations in Paragraph 27.

28. Defendants admit the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

1   30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's First
2 Amended Complaint.
3   31. Defendants deny the allegations in Paragraph 31 of Plaintiff's First Amended
4 Complaint.
5   32. Defendants deny the allegations in Paragraph 32 of Plaintiff's First Amended
6 Complaint.
7   33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's First
8 Amended Complaint.
9   34. In answer to Paragraph 34 of Plaintiff's First Amended Complaint, Defendants
10 admit that Plaintiff asked if the handcuffs could be loosened and deny the remaining allegations
11 in Paragraph 34.
12   35. In answer to Paragraph 35 of Plaintiff's First Amended Complaint, Defendants
13 admit that Deputy Boyer loosened the handcuffs and that the handcuffs were repositioned so that
14 Plaintiff was handcuffed with her arms in front of her and deny the remaining allegations in
15 Paragraph 35.
16   36. Defendants admit the allegations contained in Paragraph 36 of Plaintiff's First
17 Amended Complaint.
18   37. Defendants are without sufficient knowledge or information with which to form a
19 belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's First Amended
20 Complaint and, upon such basis, deny said allegations.
21   38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's First
22 Amended Complaint.
23   39. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's First
24 Amended Complaint.
25   40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's First
26 Amended Complaint.
27   41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's First
28 Amended Complaint.

1    42.    Defendants are without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint and, upon such basis, deny said allegations.

43.    Defendants deny the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

44.    Defendants deny the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint.

45.    Defendants deny the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

46    Defendants deny the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint.

**FIRST CLAIM FOR RELIEF**

*As to All Defendants;*

*Unreasonable Search and Seizure in Violation of the*

*Fourth Amendment to the Constitution of the United States of America*

47.    In answer to Paragraph 47 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 46 as though fully set forth herein at length.

48.    Paragraph 48 of Plaintiff's First Amended Complaint calls for a legal conclusion, not facts, to which no response is required. To the extent Paragraph 48 is deemed to contain factual allegations, these Defendants deny said allegations.

49.    Paragraph 49 of Plaintiff's First Amended Complaint calls for a legal conclusion, not facts, to which no response is required. To the extent Paragraph 49 is deemed to contain factual allegations, these Defendants deny said allegations.

50.    Defendants deny the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint.

51.    Defendants deny the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint.

## SECOND CLAIM FOR RELIEF

*As to All Defendants;*

*Unreasonable Search and Seizure in Violation of*

*Article 1, Section 18 of the Constitution of the State of Nevada*

55. In answer to Paragraph 55 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 54 as though fully set forth herein at length.

56. Paragraph 56 of Plaintiff's First Amended Complaint calls for a legal conclusion, not facts, to which no response is required. To the extent Paragraph 56 is deemed to contain factual allegations, these Defendants deny said allegations.

57. Paragraph 57 of Plaintiff's First Amended Complaint calls for a legal conclusion, not facts, to which no response is required. To the extent Paragraph 57 is deemed to contain factual allegations, these Defendants deny said allegations.

58. Paragraph 58 of Plaintiff's First Amended Complaint calls for a legal conclusion, not facts, to which no response is required. To the extent Paragraph 58 is deemed to contain factual allegations, these Defendants deny said allegations.

59. Paragraph 59 of Plaintiff's First Amended Complaint calls for a legal conclusion, not facts, to which no response is required. To the extent Paragraph 59 is deemed to contain factual allegations, these Defendants deny said allegations.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint.

1    61.     Defendants deny the allegations contained in Paragraph 61 of Plaintiff's First
2 Amended Complaint.
3    62.     Defendants deny the allegations contained in Paragraph 62 of Plaintiff's First
4 Amended Complaint.
5    63.     Defendants deny the allegations contained in Paragraph 63 of Plaintiff's First
6 Amended Complaint.
7    64.     Defendants deny the allegations contained in Paragraph 64 of Plaintiff's First
8 Amended Complaint.

## THIRD CLAIM FOR RELIEF

*As to All Defendants;*

*Civil False Imprisonment*

12    65.     In answer to Paragraph 65 of Plaintiff's First Amended Complaint, Defendants
13 repeat and reallege each and every answer to Paragraphs 1 through 64 as though fully set forth
14 herein at length.
15    66.     Paragraph 66 of Plaintiff's First Amended Complaint calls for a legal conclusion,
16 not facts, to which no response is required.  To the extent Paragraph 66 is deemed to contain
17 factual allegations, these Defendants deny said allegations.
18    67.     Defendants deny the allegations contained in Paragraph 67 of Plaintiff's First
19 Amended Complaint.
20    68.     Defendants deny the allegations contained in Paragraph 68 of Plaintiff's First
21 Amended Complaint.
22    69.     Defendants deny the allegations contained in Paragraph 69 of Plaintiff's First
23 Amended Complaint.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**FOURTH CLAIM FOR RELIEF**

*As to All Defendants;*

*Intentional Infliction of Emotional Distress ("IIED")*

70. In answer to Paragraph 70 of Plaintiff's First Amended Complaint, Defendants repeat and reallege each and every answer to Paragraphs 1 through 69 as though fully set forth herein at length.

71. Paragraph 71 of Plaintiff's First Amended Complaint calls for a legal conclusion, not facts, to which no response is required. To the extent Paragraph 71 is deemed to contain factual allegations, these Defendants deny said allegations.

72. Defendants deny the allegations contained in Paragraph 72 of Plaintiff's First Amended Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of Plaintiff's First Amended Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint.

**SECOND DEFENSE**

Plaintiff's First Amended Complaint on file herein fails to state a claim against these Defendants upon which relief can be granted.

**THIRD DEFENSE**

At all times and places alleged in Plaintiff's First Amended Complaint, the negligence, misconduct, and fault of Plaintiff exceeds that of these Defendants, if any, and Plaintiff is thereby barred from any recovery against these Defendants.

**FOURTH DEFENSE**

The occurrence referred to in Plaintiff's First Amended Complaint, and all damages, if any, arising therefrom, were caused by the acts or omissions of a third person or persons over whom these Defendants had no control.

## FIFTH DEFENSE

It has been necessary for Defendants to employ the services of an attorney to defend this action, and a reasonable sum should be allowed Defendants as and for attorney's fees, together with their costs expended in this action.

## SIXTH DEFENSE

Upon information and belief, Plaintiff has failed to mitigate her damages.

## SEVENTH DEFENSE

Defendants' alleged actions or omissions were taken with due care in the execution of the statutes and regulations, and, therefore, Defendants are statutorily immune from this action.

## EIGHTH DEFENSE

Defendants' alleged actions or omissions occurred in the exercise or performance of discretionary functions and duties, and, therefore, Defendants are statutorily immune from this action.

## NINTH DEFENSE

An award of punitive damages against Defendants would be violative of the Fifth Amendment of the United States Constitution in that there is no assurance against multiple, unrestrained punishment in the form of punitive damages. Such an award of punitive damages would be violative of the double jeopardy provisions of the Nevada Constitution, Art. I, §8.

## TENTH DEFENSE

An award of punitive damages against Defendants would be violative of the due process clause of the United States Constitution, the Fourteenth Amendment, §1, and violative of the due process clause of the Nevada Constitution, Art. I, §8.

## ELEVENTH DEFENSE

An award of punitive damages against Defendants would constitute an undue burden upon interstate commerce and violate the interstate commerce clause of the United States Constitution, Art. I, §8.

**TWELFTH DEFENSE**

An award of punitive damages against Defendants would constitute an excessive fine violative of the Nevada Constitution, Art. I, §7.

**THIRTEENTH DEFENSE**

An award of punitive damages against Defendants should be barred since Plaintiff cannot establish that Defendants had an "evil mind" and "conducted themselves in an aggravated and outrageous manner."

**FOURTEENTH DEFENSE**

The burden of proof on punitive damages should be by clear and convincing evidence.

**FIFTEENTH DEFENSE**

The negligence of Plaintiff caused or contributed to any injuries or damages the Plaintiff may have sustained and the negligence of Plaintiff in comparison with the negligence of Defendants, if any, requires that the damages of Plaintiff be denied or be diminished to the amount of negligence attributable to Plaintiff.

**SIXTEENTH DEFENSE**

The damages recoverable against these Defendants with respect to Plaintiff's state tort/constitutional claims, if any, are limited by the provisions of NRS 41.035.

**SEVENTEENTH DEFENSE**

The Defendants are entitled to qualified immunity from suit for all claims premised upon 42 USC 1983.

**EIGHTEENTH DEFENSE**

No custom or policy existed in Pershing County which was the moving force behind a violation of Plaintiff's constitutional rights.

**NINETEENTH DEFENSE**

No punitive damages are recoverable against Pershing County pursuant to 42 U.S.C. Section 1988.

**TWENTIETH DEFENSE**

Plaintiff may have suffered from a pre-existing injury or condition and is not entitled to compensation therefor.

**TWENTY-FIRST DEFENSE**

Plaintiff's medical care and/or treatment, if any, is not and was not necessary or related to the incident that forms the basis of Plaintiff's Complaint on file herein.

**TWENTY-SECOND DEFENSE**

Plaintiff's medical charges, if any, are not and were not reasonable or customary.

**TWENTY-THIRD DEFENSE**

Pursuant to FRCP Rule 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendants' Answer, and therefore, Defendants reserve the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

WHEREFORE, Defendants pray:

1. That Plaintiffs' First Amended Complaint be dismissed with prejudice and that she take nothing thereby;

2. That Defendants be awarded a reasonable attorney's fees and costs of suit; and,

3. For such other and further relief as this Court deems just and proper.

DATED this 27th day of November, 2024.

                THORNDAL ARMSTRONG, PC

                By:   */s/ Katherine Parks*
                      KATHERINE F. PARKS, ESQ.
                      Nevada Bar No. 6227
                      6590 S. McCarran Blvd., Suite B
                      Reno, Nevada 89509
                      Attorney for Defendants
                      PERSHING COUNTY, DONNA
                      ROBINSON, and DANIEL E. BOYER

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | Pursuant to FRCP 5(b), I certify that I am an employee of Thorndal Armstrong, PC, and |
| 3 | that on this date I caused the foregoing ANSWER TO FIRST AMENDED COMPLAINT to be |
| 4 | served on all parties to this action by: |
| 5 | _____ placing an original or true copy thereof in a sealed, postage prepaid, envelope in the |
| 6 | United States mail at Reno, Nevada. |
| 7 | _X_ United States District Court CM/ECF system |
| 8 | _____ personal delivery/Reno Carson Messenger Service |
| 9 | _____ electronic means (facsimile or electronic mail) |
| 10 | _____ Federal Express/UPS or other overnight delivery |
| 11 | fully addressed as follows: |

Nathan E. Lawrence, Esq.
Lawrence & Lawrence Law, PLLC
1452 W. Horizon Ridge Pkwy., #662
Henderson, NV 89012
*Attorneys for Plaintiff*

Jason M. Frierson, Esq.
R. Thomas Colonna, Esq.
United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, NV 89101
*Attorneys for Federal Defendant*

DATED this 27th day of November, 2024.

/s/ Laura Bautista
An employee of Thorndal Armstrong, PC